Matter of N.S. (M.H.) (2024 NY Slip Op 03149)

Matter of N.S. (M.H.)

2024 NY Slip Op 03149

Decided on June 11, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 11, 2024

Before: Manzanet-Daniels, J.P., Singh, Mendez, Rodriguez, Pitt-Burke, JJ. 

Docket No. B-36980-15 Appeal No. 2459 Case No. 2023-04750 

[*1]In the Matter of N.S., a Dependent Child Under Eighteen Years of Age, etc., M.H., Appellant, New Alternatives for Children, Inc., Respondent.

Law Office of Thomas R. Villecco, P.C., New York (Thomas R. Villecco of counsel), for appellant.
Dawn M. Shammas, New Alternatives For Children, Inc., New York, for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Susan Clement of counsel), attorney for the child.

Order of disposition, Family Court, New York County (Adetokunbo O. Fasanya, J.), entered on or about September 11, 2023, which, to the extent appealed from as limited by the briefs, terminated the mother's parental rights, and bringing up for review a fact-finding order, same court (Susan K. Knipps, J.), entered on or about April 1, 2016, which found that the mother permanently neglected the subject child, unanimously affirmed, without costs.
The finding of permanent neglect is supported by clear and convincing evidence that despite the agency's diligent efforts to encourage and strengthen the parental relationship, the mother failed to plan for the child's return (Social Services Law § 384-b[7][a]). The mother's service plan called for a mental health evaluation, attendance at the child's medical appointments and dyadic therapy, regular visits with the child, and consistent contact with the agency, and the agency made repeated attempts to engage the mother in her service plan (see Matter of Maria G.T. [Maria T.], 213 AD3d 556, 557 [1st Dept 2023]).
Despite these efforts, the mother failed to plan for the child's future by failing to submit to mental health evaluations or participate in dyadic therapy, repeatedly refusing to allow the agency to make home visits or to inform the agency whether she was planning for the child's return jointly with the father. She also failed to inform the agency of any services in which she engaged, failed to attend more than half of the child's medical appointments and objected to the tests and procedures recommended by her treating physicians (see Matter of Amanda M.T. [Charles Franklin T.], 189 AD3d 470, 471 [1st Dept 2020], lv denied 36 NY3d 907 [2021]). Moreover, she missed visits with the child during a three-month period because she abruptly left for Texas, during which time she never inquired about the child's welfare (see Matter of Zariah M.E. [Alexys T.], 171 AD3d 607, 608 [1st Dept 2019]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 11, 2024